People v Greene

2026 NY Slip Op 02160

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Dasheim Greene, Defendant-Appellant.

Decided and Entered: April 09, 2026

Ind No. 2854/19|Appeal No. 6310|Case No. 2021-04660|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Twyla Carter, The Legal Aid Society, New York (William B. Carney of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Andrew Kim of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Curtis J. Farber, J.), entered on or about July 19, 2023, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court's assessment of 30 points under risk factor 3 was supported by clear and convincing evidence that the defendant victimized three young girls by sexually exploiting them for his own personal gain (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; see also People v Torres, 220 AD3d 514 [1st Dept 2023], lv denied 41 NY3d 908 [2024]).

Defendant was also properly assessed points under risk factor 7 for his relationship with the victims "because the evidence clearly established that defendant at least promoted the relationship for the purpose of such victimization," regardless of the circumstances under which they met (People v Brunson, 154 AD3d 499, 499 [1st Dept 2017], lv denied 30 NY3d 908 [2018]; see also People v Cook, 29 NY3d 121, 126 [2017]).

The SORA court providently exercised its discretion in declining to grant a downward departure, and defendant has set forth no basis for this Court to exercise its discretion to grant the departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant either were adequately taken into account by the risk assessment instrument or were outweighed by aggravating factors including the seriousness of his offenses.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026